UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY SHNELL,

    Plaintiff,

v.                                                                          Case No. 09-10216

WASHINGTON MUTUAL BANK,                       HONORABLE AVERN COHN

    Defendant.

_____/

**MEMORANDUM AND ORDER**
**GRANTING DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

I. Introduction

This is a case claiming defects in a foreclosure proceeding. Plaintiff Gregory Shnell is suing defendant Washington Mutual Bank who held a mortgage on real property owned by Shnell's aunt. Although Shnell sued Washington Mutual Bank, the real party in interest is JPMorgan Chase Bank ("Chase"), who purchased the assets of Washington Mutual Bank, f/k/a Washington Mutual Bank, FA ("WaMu"), from the Federal Deposit Insurance Corporation ("FDIC"), acting as receiver for WaMu.

Before the Court is Chase's motion to dismiss or for summary judgment on all counts of the complaint. For the reasons that follow, the motion will be granted.

II. Background

On September 3, 2004, Gertrude Krikorian obtained a $133,000.00 loan from WaMu to refinance real property known as 4649 Jonathon Street, Dearborn, Michigan.

To secure the loan, Krikorian granted WaMu a mortgage on the property.  Krikorian signed both a note and mortgage documents.  The mortgage, dated September 3, 2004, was recorded with the Wayne County Register of Deeds on October 4, 2004 in Liber 41428, Page 646.  Krikorian died on August 16, 2007.  The property went into default.  Chase, who now owned the mortgage, scheduled a foreclosure sale which was held on April 9, 2008.  Chase purchased the property at the sale for $148,842.97.  A Sheriff's Deed on Mortgage Sale ("Sheriff's Deed") was recorded with the Wayne County Register of Deeds on April 22, 2008 in Liber 47183, Page 97.

Shnell claims an interest in the property because three months after Krikorian's death, a quit claim deed was discovered which purported to convey Krikorian's interest in the property to Shnell.  The quit claim deed was recorded on October 11, 2007 in Liber 46719, Page 60.

Shnell alleges that he contacted WaMu in hopes of purchasing the property and/or obtaining a loan to extinguish the mortgage.  WaMu did not respond to his requests.

On January 2, 2009, Shnell sued WaMu in state court, asserting the following claims:

>Count I - quiet title
>
>Count II - specific performance
>
>Count III - predatory lending

Shnell says that he was not informed of the foreclosure sale and claims a superior interest in the property.  He seeks to set aside the Sheriff's sale, rescind the loan agreement, and quiet title in his name only.  He also seeks an unspecified amount of

2

money damages.

Chase removed the case to federal court on the grounds of diversity of citizenship. Chase then filed the instant motion.

### III. Legal Standards

Chase moves to dismiss under Fed. R. Civ. P. 12(b)(6) and for summary judgment under Fed. R. Civ. P. 56. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombley, 550 U.S. 544, 545 (2007). See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir.2007). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Aschcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1950 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 1949 (internal quotation marks and citation omitted).

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." F̲ED̲. R. C̲IV̲. P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial." F̲ED̲. R. C̲IV̲. P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rather, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion. See Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir. 1993); see also Anderson, 477 U.S. at 249-50. Additionally, and significantly, "affidavits containing mere conclusions have no probative value" in summary judgment proceedings. Bsharah v. Eltra Corp., 394 F.2d 502, 503 (6th Cir. 1968).

IV. Analysis

A. Count I - Quiet Title

In Count I, Shnell seeks to quiet title in the property. Chase says this claim fails. Under Michigan law, in an action to quiet title, the plaintiff has the burden of proof and must make out a prima facie case of title. Stinebaugh v. Bristol, 132 Mich. App. 311, 316 (1984). If plaintiff makes out a prima facie case, the defendant then has the burden

of proving superior right or title in themselves. Boekeloo v. Kuschinski, 117 Mich. App. 619, 629 (1982). Actions to quiet title are equitable in nature. Dobie v. Morrison, 227 Mich. App. 536, 538 (1998). Moreover, "[t]he Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." United States v. Garno, 974 F. Supp. 628, 633 (E.D. Mich. 1997), citing Detroit Trust Co. v. Agozzinio, 280 Mich. 402, 405-06 (1937).

Chase says that Shnell cannot make out a prima facie case of title because Chase has a superior interest in the property and Shnell had notice of that interest. The Court agrees. "Michigan is a race-notice state, and owners of interests in land can protect their interest by properly recording those interests." Richards v. Tibaldi, 272 Mich. App. 522, 539 (2007).

Here, Chase[1] recorded its mortgage interest in the property on October 4, 2004. "The recordation of a mortgage constitutes constructive notice to all subsequent lienholders regarding both the existence of the mortgage and the amount of indebtedness that is secured." Ameriquest Mortgage Co. v. Alton, 273 Mich. App. 84, 93 (2006)(citing McMurtry v. Smith, 320 Mich. 304, 306-07 (1948)). Thus, at the time Shnell recorded the quit claim deed three years later, on October 11, 2007, he had constructive notice of Chase's interest. It is beyond dispute that Chase's interest, having been first recorded, is superior to Shnell's.

Moreover, even assuming Krikorian properly quit claimed her interest to Shnell,

---

[1] WaMu recorded the mortgage. However, because Chase has succeeded to all of WaMu's rights, it is appropriate to refer to Chase.

Chase's lien was not extinguished. Michigan law is clear that "[a] properly recorded mortgage is notice to all subsequent purchasers that they take subject to any lien the mortgagor may have on the property whether the record has been examined or not. Id. (citing Piech v. Beaty, 298 Mich. 535, 538 (1941)). When title passed from Krikorian to Shnell, Chase's mortgage was still attached. See Id.

Finally, as Chase points out, Krikorian did not have the right to unilaterally transfer title to Shnell. Under the terms of the mortgage, any transfer required Chase's written approval. See Mortgage, Section 18, page 13. In fact, Chase had the authority to demand payment of the entire loan in the event the property was transferred without its prior written approval. The mortgage states in part: "If all or any part of the Property is sold or transferred . . . without Lender's prior written consent, Lender may require immediate payment in full or all sums secured by this Security Instrument." Id. There is nothing in the record to indicate Chase approved of the transfer to Shnell.

Shnell, however, says that he has established a prima facie case for title because the notice of the foreclosure and Sheriff's sale was defective. Chase says that notice was proper under Michigan law. The Court agrees with Chase.

Chase foreclosed by advertisement which is governed by statute. M.C.L. § 600.3208 provides the requirements for notice, as follows:

> Notice that the mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, shall be given by publishing the same for 4 successive weeks at least once in each week, in a newspaper published in the county where the premises included in the mortgage and intended to be sold, or some part of them, are situated. If no newspaper is published in the county, the notice shall be published in a newspaper published in an adjacent county. In every case within 15 days after the first publication of the notice, a true copy shall be posted in a conspicuous place upon any part of the premises described in the notice.

Here, Chase complied with the statutory requirements as evidenced by the affidavits attached the Sheriff's deed. Notice was published in the Detroit Legal News for four weeks, on March 12, March 19, March 26 and April 2, 2008.

While Shnell says that the notice was improper because the property contains one residential home which is split into two units, the record shows that the property described in the mortgage and the Sheriff's deed are the same. In other words, the mortgaged property was on the entire parcel, including both units. Chase was under no obligation to pursue separate foreclosures for the two units contained in the same residential home. See Sweet Air Inv., Inc. v. Kenny, 275 Mich. App. 492, 498 (2007). Moreover, because the front doors of the home are adjacent to each other, the posting was clearly visible for both units.

Shnell's argument that he was entitled to personal notice of the foreclosure is also misguided. Putting aside that Shnell was not on the mortgage, "personal service is not required by the statute; instead, publication in a newspaper for four consecutive weeks and a posting of the foreclosure notice on the premises is all that is required." Cheff v. Edwards, 203 Mich. App. 557, 561 (1994).

Overall, Shnell has not, and cannot, make out a prima facie case for title. As such, this claim must be dismissed.

### B. Count II - Specific Performance

In Count II, Shnell demands "specific performance on the mortgage" because he says he did not receive notice of the foreclosure. As stated above, Chase complied with the required statutory notice provisions. Moreover, Shnell cannot obtain specific performance of the mortgage because he is not a party to the mortgage–Chase and

7

Krikorian were parties. In order to demand specific performance, there must be a contract between the parties. Kopprasch v. Stone, 340 Mich. 384 (1954). Shnell is not a party to a contract with Chase and therefore cannot seek specific performance. As such, Count II must be dismissed.

### C. Count III - Predatory Lending

In Count III, Shnell asserts a claim of predatory lending. Chase says that this claim must be dismissed because Shnell lacks standing and because Michigan does not recognize such a cause of action. In response, Shnell says that he does have standing because of his interest in the property and predatory lending is a viable cause of action. Alternatively, Shnell seems to suggest that the claim should be converted to a claim for fraud.

Chase's position is well-taken. Michigan does not recognize a claim for predatory lending. See Saleh v. Home Loan Services, Inc., 2009 WL 2496682 at *2 n. 1 (E.D. Mich. Aug.17, 2009); see also Beydoun v. Countrywide Home Loans, Inc., 2009 WL 1803198 at *4 (E.D.Mich. June 23, 2009) (assuming plaintiff brought his claim under TILA or HOEPA because Michigan does not have a statute called "Predatory Lending."). Shnell's predatory lending claim must therefore be dismissed for failure to state a claim.

Moreover, Shnell does not have standing to assert such a claim. Nor does he have standing to assert a fraud claim. "The irreducible constitutional minimum of standing contains three elements." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, (1992). First, a plaintiff must show that he has suffered an "injury" in fact. Id. He must have suffered "a harm that is both 'concrete' and 'actual or imminent, not conjectural or hypothetical.' " Vermont Agency of Natural Resources v. United States ex rel. Stevens,

529 U.S. 765, 771 (2000), quoting, Whitmore v. Arkansas, 495 U.S. 149, 155 (1990). Second, a plaintiff must establish a causal connection between the alleged injury and the conduct of which he complains. Lujan, 504 U.S. at 560. That is, the injury must be "fairly traceable" to the defendant's actions. Id. Third, a plaintiff must demonstrate that the injury is redressable in this action. Vt. Agency, 529 U.S. at 771.

Here, Shnell was not a party to the mortgage between Chase and Krikorian. Shnell's cannot bring a claim arising out of this transaction, whether it be predatory lending or fraud. While Shnell says he was injured by the foreclosure, he lacks standing to raise issues from a transaction to which he was not a party. Importantly, Shnell was not responsible for paying the mortgage debt. See King v. IB Property Holdings Acquisition, 635 F. Supp. 2d 651 (E.D. Mich. 2009) (in a case challenging a foreclosure, the district court held that plaintiff lacked standing to assert claim under Fair Debt Collection Practice Act on behalf of his father because plaintiff was not a party to the mortgage and had no obligation to pay the debt).

Finally, as Chase points out, even assuming Shnell has standing to challenge the mortgage transaction as being the product of fraud, the proper forum is in administrative proceedings before the FDIC as receiver for WaMu. See Chase's brief at p. 10 n.4.

V. Conclusion

9

For the reasons stated above, Chase's motion is GRANTED.  This case is DISMISSED.

SO ORDERED.

           s/ Avern Cohn
           AVERN COHN
           UNITED STATES DISTRICT JUDGE

Dated:  December 8, 2009

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 8, 2009, by electronic and/or ordinary mail.

           s/ Julie Owens
           Case Manager, (313) 234-5160